IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

In Re: * Case No. 11-33243
Judge Speer

Stickney Avenue Investment *
   Properties, LLC Chapter 11 Proceeding
*
     An Ohio Limited Liability
     Company *

_____

**MOTION TO REQUIRE CUSTODIAN TO CEASE DISBURSEMENTS
FROM, OR TAKE ANY ACTION OF PROPERTY OF THE ESTATE, TO
ACCOUNT FOR SUCH PROPERTY; TO PROVIDE FOR TURNOVER OF
PROPERTY TO ESTATE, TO PROTECT ALL ENTITIES AND
INDIVIDUALS FOR WHICH THE CUSTODIAN IS OBLIGATED AND
TO ESTABLISH REASONABLE COMPENSATION**
_____

Now comes Stickney Avenue Investment Properties, LLC, ("the Debtor") pursuant to 11 USC §543 and Bankruptcy Rule 6002 and 9013 and Local Bankruptcy Rule 9013-1, and respectfully requests this Court for an order requiring the State Court Receiver, Mark S. Uhrich, to (1) cease all disbursements from or to take any action concerning property of the Estate, (2) to provide an accounting for all such property, (3) to provide for the turnover of the property of the estate and to protect all entities or individuals for which the custodian is obligated and to (4) also establish reasonable compensation and cost of the custodian. In support of this Motion, the Debtor would state and further represent as follows:

**PRELIMINARY MATTERS AND FACTS**

1.    That this case was commenced on June 10, 2011 and pursuant to 11 USC 1103 and 1108, the Debtor remains a debtor-in-possession.

2.    That as of the commencement of this case, Mark S. Uhrich was the Duly Appointed

Receiver ("the Receiver") arising from the order entered on February 25, 2011 of the Lucas County Common Pleas Court ("the Order of Appointment")in the case of *The Huntington National Bank vs. Stickney Avenue Investment Properties, LLC, et. al.*, Case No. CI0201101627. ("The Receivership")

3. That on March 16, 2011, the Debtor filed an Appeal of the Order of Appointment, (the Appeal"). A stay of the Order of Appointment by the Sixth District Court of Appeals expired on May 11, 2011, though such appeal remains pending.

4. That as a result, at the time of the commencement of this case, the Receiver was in possession of certain assets in the name of the Debtor ("the Estate"). The Estate of the Debtor consists primarily of real property and some personal property or fixtures associated with the real estate located in Lucas County, Ohio and Lewis County Kentucky. ("the Real Property")

5. The Receiver was appointed upon the motion of The Huntington National Bank. ("Huntington") The obligation of the Debtor to Huntington arises from a guarantee by the Debtor of obligations owing by Medcorp, Inc. and MedCorp EMS South, LLC to Huntington. Such debt is also secured by all of the assets of Medcorp, Inc. and MedCorp EMS South, LLC. (Medcorp, Inc. and MedCorp EMS South, LLC is referred to hereafter as the "Affiliates")

6. The Real Property is subject to a 15 year Business Property Lease dated August 1, 2009 between the Debtor and the Affiliates at the rate of Thirty Nine Thousand Dollars ($39,000.00) per month as and for rent plus payment of the real estate taxes and insurance. (A copy is attached as Exhibit A)

7. The Real Property is subject to an Open End Mortgage and Security Agreement and Assignment of Leases and Rents in favor of Waterford Bank ("Waterford") recorded on July 29, 2009.

The Real Property is also subject to an Open End Mortgage in favor of Huntington recorded on August 28, 2009.

7. The State Court issued an order on April 29, 2011 in the Receivership that the Receiver for the Affiliates was to pay the full rent amount of $39,000 per month.[1]

8. On May 27, 2011, the Receiver caused to be filed a Motion to Sell all of the Real Property and whatever personal property is affiliated with it for the sum of One Million, Four Hundred and Eighty Thousand Dollars[2] ($1,480,000.00). (A copy of the Motion and its Exhibits including the title report are attached hereto as Exhibit B.)

9. The Auditor's value for the real property located in Lucas County, Ohio is valued at $2,402,800.00. The Assessor's value of the real property located in Lewis County Kentucky is $22,000.00.[3]

10. The Debtor believes that the proposed sale amount is not representative of market value, reflects an inherent conflict in the Receiver's duties to the individual estates of the Debtor and the Affiliates and precipitated the filing of this case.

## **REQUESTED RELIEF**

11. This Motion is being filed pursuant to the provisions of 11 USC 543 and is a core proceeding pursuant to 28 USC 157(b)(2)(E) and governed by Bankruptcy Rule 9014 as a contested matter.

12. That since August 2010, the Receiver has been in control of and operated all of the assets of the Affiliate of the Debtor and as set forth in Exhibit B, the proposed sale of the real estate is also

---

[1] The Affiliates sought to offset an amount due from the Debtor.
[2] Plus up to an additional Twenty Five Thousand Dollars for accruing costs of Waterford.
[3] It is believed that such property is not subject to any liens.

conditioned upon the acceptance of the sale of the assets of the Affiliate.

13. Pursuant to 11 USC 101(11), the Receiver is a custodian and accordingly governed by the provisions of 11 USC 543.

14. Based on the foregoing, the Debtor is entitled to an order requiring the State Court Receiver, Mark S. Uhrich to cease all disbursements from or to take any action concerning property of the Estate, to provide an accounting for all such property, to provide for the turnover of the property of the estate and to protect all entities or individuals for which the Receiver is obligated and to also establish reasonable compensation and cost of the Receiver.

WHEREFORE, the Debtor would request this Court after notice and opportunity for hearing that an order issue requiring the State Court Receiver, Mark S. Uhrich to cease all disbursements from or to take any action concerning property of the Estate, to provide an accounting for all such property, to provide for the turnover of the property of the estate and to protect all entities or individuals for which the Receiver is obligated and to also establish reasonable compensation and cost of the Receiver and other such relief as is just and equitable.


/s/Steven L. Diller
Steven L. Diller

**NOTICE PURSUANT TO LOCAL RULE**

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this case. If you do not have an attorney, you may wish to consult one.** Under Local Bankruptcy Rule 9013-1, unless a written response to the Motion are filed with the Clerk of the Court and served on the moving party and the Office of the U.S. Trustee, objecting to the relief requested within fourteen (14) days, the Court may deem the opposition waived, treat the

motions as conceded, and issue an order granting the requested relief without further notice of hearing.

/s/Steven L. Diller
Steven L. Diller

### CERTIFICATION

I, Steven L. Diller, do hereby certify that a copy of the foregoing was mailed this 9th[th] day of June, 2011, to US Trustee, BP America Building, 200 Public Square, 20th Floor, Suite 3300, Cleveland, Ohio 44114, to Mark S. Uhrich, Receiver at and to his counsel, Roetzel & Andress, LPA, One Seagate, Suite 1700, Toledo, Ohio 43604hand , 4930 North Holland Sylvania Road, Sylvania, Ohio 45738, David D. Black, L. William "Chip" Erb, Daniel C. Wolters, Cavitch, Familo & Durkin Co., LPA, 1300 East Ninth Street, 20th Floor, Cleveland, Ohio 44114, Attorneys for The Huntington National Bank, John J. McHugh, III, Brian Kalas, McHugh & McCarthy, Ltd, 5580 Monroe Street, Sylvania, Ohio 43560-256, Attorneys for MedCorp Green, LLC, to Shumaker, Loop & Kendrick, Reed Hauptman, Esq. and Thomas P. Dillon, Esq. at 1000 Jackson Street, Toledo, Ohio 43604-5515, Attorneys for Waterford Bank, and to the creditors and parties in interest as set forth on the list attached hereto by ordinary US mail.

/s/Steven L. Diller
Steven L. Diller